UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 18-MC-24298**

SAGI GENGER,

    Third-Party Plaintiff,

v.

ORLY GENGER,

    Third-Party Defendant.

_____/

SOUTHERN DISTRICT OF NEW YORK
Civil Action No. 1:17-CV-8181

**NON-PARTY ARIE GENGER'S MOTION TO QUASH OR
MODIFY SUBPOENA AND FOR A PROTECTIVE ORDER**

    Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), non-party Arie Genger, through undersigned counsel, respectfully moves to quash or modify Third Party-Plaintiff and judgment creditor Sagi Genger's Subpoena to Testify at a Deposition in a Civil Action, which was served on October 11, 2018 and is attached hereto as Exhibit A.  Further, pursuant to Federal Rule of Civil Procedure 26(c)(1), non-party Arie Genger respectfully moves this Court for a protective order limiting the scope of both (1) the documents Arie is required to produce and (2) the subject matter of Arie's deposition testimony, to documents and subjects relating solely to the execution of the judgment entered in favor of Sagi Genger against Third-Party Defendant and judgment debtor Orly Genger.  Specifically, the document production and deposition testimony should be limited to documents and topics regarding Orly's *assets*—that is, property she owns or debts she is owed at this time.[1]  The substantial grounds supporting this motion are set out below.

---

[1] Because the relevant parties and the movant share the same last name, first names will be used for clarity in this motion.

**Introduction and Background**

On October 24, 2017, in the United States District Court for the Southern District of New York, Sagi filed a third-party complaint alleging breach of contract, among other things, against his sister, Orly. This lawsuit was filed the day after Sagi was sued for breach of contract by his mother, Dalia. This case was collectively captioned *Dalia Genger v. Sagi Genger v. Orly Genger*, Case No. 1:17-CV-8181. On August 17, 2018, the United States District Court for the Southern District of New York entered judgment in favor of Sagi and against Orly in the amount of $3,219,698 plus fees, expenses, and costs (the "Judgment").

On or around September 26, 2018, Sagi had delivered to his father, Arie, a Subpoena to Testify at a Deposition in a Civil Action—a subpoena purportedly issued from the United States District Court for the Southern District of Florida. That subpoena was technically deficient, as it was issued from the Southern District of Florida for an action pending in the Southern District of New York, and was signed by Sagi's New York counsel rather than by an attorney authorized to practice in Florida. Without waiving the technical deficiency claim, Arie served timely Objections to the original subpoena on October 10, 2018. Those Objections are attached hereto as Exhibit B.

On the afternoon of October 11, 2018, Sagi delivered to Arie's Miami-Dade County apartment building a Subpoena to Testify at a Deposition in a Civil Action that, this time, was issued from the United States District Court for the Southern District of New York (the "Subpoena"). Sagi attached to the Subpoena a list of nine items titled "Document Requests and Subject Matter of Testimony" (*see* Exhibit A). The list was largely similar, though not identical, to that attached to the earlier subpoena. Arie's responses to each request are detailed below.

The issues before this Court are quite simple. First, the Subpoena should be quashed or modified under Federal Rule of Civil Procedure 45(d)(3)(A) because (1) the Subpoena is

technically deficient, and (2) the document requests seek information irrelevant to the execution of the Judgment and thus subject Arie, a non-party, to undue burden.[2] Second, a protective order is appropriate under Federal Rule of Civil Procedure 26(c)(1) because the scope of the document requests and proposed deposition testimony is overbroad and should be limited to documents and topics concerning the execution of the Judgment—that is, information relating to the assets of Orly, the judgment debtor.

## Discussion

### I.     The Subpoena Should Be Quashed or Modified Pursuant to Rule 45(d)

Arie requests that the Subpoena be quashed or modified pursuant to Rule 45(d) of the Federal Rules of Civil Procedure.

#### a.   The Subpoena Is Procedurally Defective and Thus Unenforceable

As a threshold matter, the Subpoena is procedurally defective. Sagi has elected to issue the Subpoena pursuant to the Federal Rules of Civil Procedure, which—in the case of a subpoena "command[ing] the production of documents"—explicitly require the issuing party to serve "a notice and a copy of the subpoena" to the actual parties to the litigation *before* serving "the person to whom [the subpoena] is directed," Fed. R. Civ. P. 45(a)(4), in order to give those parties an opportunity to object, *see Gonzalez v. RFJD Holding Co.,* No. 14-61041-CIV, 2014 WL 12600141, at *2 (S.D. Fla. Sept. 2, 2014) ("The purpose of the 'prior notice' provision is to give an opposing party the opportunity to object to the subpoena prior to the date set forth in the subpoena." (quoting *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006))).

---

[2] Rule 45(d)(3)(A) requires that this motion for relief be brought in the district in which compliance is sought—namely, the Southern District of Florida—even though the Subpoena was issued out of the Southern District of New York.

3
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue ▪ Suite 2010 ▪ Miami, Florida 33131 ▪ www.gsgpa.com

Here, Orly, the other party to the underlying case, was not served with any notice or copy of the Subpoena, thus rendering the Subpoena unenforceable. Indeed, Rule 45's "notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash the subpoena." *Mirra v. Jordan*, No. 13-CIV-5519, 2014 WL 2511020, at *3 (S.D.N.Y. May 28, 2014) (quashing subpoenas for failing to comply with Rule 45(a)(4) notice requirement); *Fla. Media, Inc.*, 236 F.R.D. at 695 (granting party's motion to quash non-party subpoenas based on other party's failure to provide notice); *Cootes Drive LLC v. Internet Law Library, Inc.*, No. 01-CIV-0877, 2002 WL 424647, at *2 (S.D.N.Y. Mar. 19, 2002) (reiterating order quashing subpoenas "solely on the lack of prior notice"). The Subpoena should thus be quashed for failing to comply with the mandatory notice requirement.

In addition, at least on its face, the Subpoena is unreasonable in terms of timing. The Subpoena was delivered to Arie's apartment building on October 11, 2018, when he was out of town, and called for a deposition on, and production of documents by, October 18, 2018. Federal Rule of Civil Procedure 45 provides that subpoenas must be quashed or modified for "fail[ing] to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). *See Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*, No. 15-CIV-6586, 2015 WL 6741852, at *2 (S.D.N.Y. Nov. 4, 2015) (quashing subpoena requiring compliance within five days); *Brown v. Hendler*, No. 09-CIV-4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (quashing subpoena requiring compliance within nine days).

To be clear, Arie does not believe that this is likely to be an issue. Indeed, counsel for Sagi and counsel for Arie should be able to agree on a mutually-acceptable date for a deposition once the issues set forth herein are resolved. Arie simply raises this issue now to avoid any argument that any objection to timing has been waived.

### b. The Subpoena Seeks Documents and Testimony Beyond the Scope of Proper Discovery in Aid of Execution and Thus Should Be Modified

Even if it is not quashed in its entirety, the Subpoena should be modified to protect Arie from having to provide documents or answer questions beyond the proper scope of discovery in aid of execution of a judgment.

"Rule 45 of the Federal Rules of Civil Procedure applies in post-judgment discovery and authorizes a party's attorney to issue both document and deposition subpoenas." *Universitas Educ., LLC v. Nova Group, Inc.*, No. 11-CIV-1590, 2013 WL 3328746, at *4 (S.D.N.Y. July 2, 2013). The rule provides, in pertinent part, that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). There are certain circumstances under which Rule 45 requires a court to quash or modify a subpoena. According to Rule 45(d)(3),

> [o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

Given that the discovery Sagi seeks is to aid in the execution of the Judgment, the scope of the documents requested and deposition testimony proposed imposes on Arie an undue burden that is disproportionate to the narrow focus of this kind of post-judgment discovery. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) (requiring a court to quash or modify a subpoena that "subjects a person to undue burden"). "In determining whether a subpoena imposes undue burden or expense on a nonparty, courts must balance the requesting party's interests in disclosure against the burden of disclosure on the nonparty." *Narcoossee Acquisitions, LLC v. Kohl's Dept. Stores, Inc.*, No. 6:14-CV-203, 2014 WL 4279073, at *2 (M.D. Fla. Aug. 28, 2014) (citing 9A Charles A. Wright &

Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed.)). And, "[i]f a subpoena subjects a person to undue burden, the Court must quash or modify it." *Id.* (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)).

Here, the burden imposed on Arie stems from the overbreadth of the documents requested and the deposition testimony proposed, given the case's procedural posture—that is, discovery in aid of execution of a judgment. Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Thus, pursuant to this rule, "a judgment creditor may obtain post-judgment discovery pursuant to either the procedures set forth in the federal rules of civil procedure or under state practice."[3] *1st Technology, LLC v. Rational Enters. LTDA*, No. 2:06-CV-01110, 2007 WL 5596692, at *4 (D. Nev. Nov. 13, 2007).

Although "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts," "[t]he scope of discovery under Rule 69(a)(2) is *constrained* principally in that it must be calculated to assist in collecting on a judgment." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom.*, *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134 (2014) (emphasis added). In other words, despite its breadth, there are limits to post-judgment execution discovery in that the information sought must relate solely to identifying the *assets* of the judgment debtor that can be used to satisfy the judgment—the only relevant topic at this stage of the litigation. *See Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d

---

[3] Because the underlying action is pending in the United States District Court for the Southern District of New York, the applicable state procedure for purposes of Rule 69 is that of New York.

246, 250 (11th Cir. 1982) ("A judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located."); *Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2013 WL 12239127, at *2 (S.D. Fla. Jan. 22, 2013) ("[T]he judgment creditor must be given the freedom to make a broad inquiry to discover[] hidden or concealed assets of the judgment debtor." (internal quotation marks omitted)); *Amtrust N. Am., Inc. v. Preferred Contractors*, No. 16-MC-0340, 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016) ("[T]he scope of discovery includes any information reasonably calculated to lead to the discovery of a judgment debtor's assets." (citing N.Y. C.P.L.R. § 5223; Fed. R. Civ. P. 69(a)(2))).

Similarly, the relevant New York rule provides that a "judgment creditor may compel disclosure of all matter relevant *to the satisfaction of the judgment*." N.Y. C.P.L.R. § 5223 (emphasis added). In other words, "[l]ike the federal practice, post-judgment disclosure in New York is *circumscribed* by a requirement that the inquiry focus upon locating the *assets* of the judgment debtor." *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 n.2 (S.D.N.Y. 1977) (emphases added). While "[i]t is not uncommon to seek asset discovery from third parties . . . that possess information pertaining to the judgment debtor's assets," *EM Ltd.*, 695 F.3d at 207, ***the focus must remain on precisely that: the judgment debtor's assets***. *See* 12 Wright & Miller, *Federal Practice and Procedure* § 3014 (2d ed. 2018) ("The judgment creditor is allowed discovery to find out about *assets* on which execution can issue or about *assets* that have been fraudulently transferred or are otherwise beyond the reach of execution." (emphases added)). And, as common sense dictates, those discoverable assets consist solely of property owned by, and debts owed to, the judgment debtor. *See* Black's Law Dictionary (10th ed. 2014) (defining "asset" as "1. An item that is owned and has value. 2. (*pl.*) The entries on a balance sheet showing the items of property owned, including cash, inventory, equipment, real estate, accounts receivable, and

goodwill. 3. (*pl.*) All the property of a person (esp. a bankrupt or deceased person) available for paying debts or for distribution."). *Cf.* N.Y. Debt. & Cred. Law § 270 (defining "'assets' of a debtor" for purposes of Article 10 of New York's Debtor Creditor Law as "property not exempt from liability for his debts").

Moreover, special care must be taken to not unduly burden *non-parties* to the underlying action. *See La Suisse, Societe d'Assurances Sur La Vie v. Kraus*, 62 F. Supp. 3d 358, 361 (S.D.N.Y. 2014) ("[U]nder Rule 69(a)(2) and existing case law, the general rule is that non-party discovery is limited to a search for the defendant's hidden assets." (internal quotation marks omitted)). Indeed, "the inquiry [under Rule 69] must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons." *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974). "It has also been said that third persons can only be examined about assets of the judgment debtor and cannot be required to disclose their own assets." *Id.*

Detailed below are Sagi's individual discovery requests followed by the reasons supporting the modification or protective order that Arie seeks. The concerns raised below regarding each of the document and testimony requests were set forth by Arie in the Objections filed on October 10, 2018 (*see* Exhibit B).[4] The Discussions below are not verbatim repetitions of the Objections but are, rather, descriptions of Arie's position and an articulation of why relief should be granted.

---

[4] Even though the Objections referenced the original subpoena, they apply equally to the version of the Subpoena at issue here, as the only modification in the new Subpoena was a slight change to Request No. 9.

**REQUEST NO. 1**:  All documents constituting, containing, reflecting or relating to any agreement or other financial arrangements involving Orly Genger and/or any group in which Orly Genger is a part.

**DISCUSSION REGARDING REQUEST NO. 1:** This request is overbroad, unduly burdensome, disproportionate to the needs of the case at this stage, and not reasonably calculated to lead to the discovery of admissible evidence relevant to execution of the judgment. This request as written appears to seek far more than information regarding Orly's assets and thus exceeds "the scope of discovery under Rule 69(a)(2) [which] is constrained principally in that it must be calculated to assist in collecting on a judgment." *See EM Ltd.*, 695 F.3d at 207; *see also Amtrust N. Am., Inc.*, 2016 WL 6208288, at *3 ("[T]he scope of discovery includes any information reasonably calculated to lead to the discovery of a judgment debtor's assets."). Further, given that Arie is the father of the judgment debtor, this request could encompass an entire lifetime's worth of information, especially insofar as it contains no time limitation. And, as noted, "the inquiry [under Rule 69] must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons." *Caisson Corp.*, 62 F.R.D. at 334.  Moreover, depending on how its scope is ultimately defined, this request seeks the production of potentially privileged and confidential information. For these reasons, this Court should limit this request to documents and testimony regarding Orly's present assets—in other words, property owned by, and debts owed to, Orly.

**REQUEST NO. 2:**  All documents concerning any property held by or any debts owed to Orly Genger.

**DISCUSSION REGARDING REQUEST NO. 2:** This request is overbroad and unduly burdensome insofar as it seeks "[a]ll documents" concerning any property held by or debts owed to the judgment debtor, and insofar as it contains no time limitation. Although Arie is not aware of any debts owed to Orly that would be the proper subject of discovery in aid of execution and

therefore has no documents reflecting any such debts, he has agreed that, upon resolution of his objections, he will provide appropriate, responsive documents in his possession, if any, and give testimony regarding property presently held or owned by the judgment debtor.  Such property would come within the appropriate scope of post-judgment execution discovery, since the property would clearly constitute the judgment debtor's assets.  *See EM Ltd.*, 695 F.3d at 207; *Amtrust N. Am., Inc.*, 2016 WL 6208288, at *3.

> **REQUEST NO. 3:**  All documents relating to: (A) the Settlement Agreement dated June 16, 2013 among Orly Genger, Arie Genger, Arnold Broser, David Broser, and Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Trans-Resources, LLC, Jules Trump, Eddie Trump and Mark Hirsch (the "Orly Settlement Agreement"); (B) any escrow accounts/arrangements; and/or (C) any promissory notes issued thereunder.

**DISCUSSION REGARDING REQUEST NO. 3:** This request is overbroad, unduly burdensome, disproportionate to the needs of the case at this stage, and not reasonably calculated to lead to the discovery of admissible evidence relevant to execution of the judgment.  In addition, the term "Orly Settlement Agreement" is misleading and confusing.  This request seeks far more than information about the judgment debtor's assets, especially because no payments were made or owed to Orly under the June 2013 agreement.  *See EM Ltd.*, 695 F.3d at 207; *Amtrust N. Am., Inc.*, 2016 WL 6208288, at *3.  To appropriately limit the scope of this request, Arie is willing to testify to the monetary gains Orly received from the settlement agreement—which, as it happens, are none—but he is not willing to testify to every topic whatsoever regarding this agreement.  *See Magnaleasing, Inc.*, 76 F.R.D. at 561 ("[T]he settlement agreement at issue here is relevant and discoverable only insofar as it relates to the existence or transfer of defendants' assets.").  Further, this request seeks information relating to Arie and other parties that will have no bearing whatsoever on issues relating to discovery in aid of execution.  *See Caisson Corp.*, 62 F.R.D. at 334 ("It has also been said that third persons can only be examined about assets of the judgment

debtor and cannot be required to disclose their own assets."). In addition, the request seeks the production of materials and information already available to or in the possession of Sagi. *See id.* ("[T]he inquiry [under Rule 69] must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons."). It also seeks privileged and confidential information insofar as counsel was involved in communications relating to the referenced settlement agreement. As noted below, the same concerns apply to Requests Nos. 4-8, all of which involve aspects of the same settlement agreement.

> **REQUEST NO. 4:** All documents concerning the "undertaking" referred to in the Orly Settlement Agreement.

> **DISCUSSION REGARDING REQUEST NO. 4:** To avoid repetition, the same

concerns and objections noted with regard to Request No. 3 apply to this Request.

> **REQUEST NO. 5:** All agreements as to the past, present or future disposition of any settlement proceeds under the Orly Settlement Agreement.

> **DISCUSSION REGARDING REQUEST NO. 5:** To avoid repetition, the same

concerns and objections noted with regard to Request No. 3 apply to this Request.

> **REQUEST NO. 6:** All account statements for any escrow accounts related to the Orly Settlement Agreement.

> **DISCUSSION REGARDING REQUEST NO. 6:** To avoid repetition, the same

concerns and objections noted with regard to Request No. 3 apply to this Request.

> **REQUEST NO.7:** All documents concerning any indemnity demands and/or indemnity payments made under the Orly Settlement Agreement.

> **DISCUSSION REGARDING REQUEST NO. 7:** To avoid repetition, the same concerns

and objections noted with regard to Request No. 3 apply to this Request.

> **REQUEST NO. 8:** All payments made to any person or entity pursuant to the Orly Settlement Agreement.

**DISCUSSION REGARDING REQUEST NO. 8:** To avoid repetition, the same concerns and objections noted with regard to Request No. 3 apply to this Request.

**REQUEST NO. 9:** All non-privileged communications regarding any of the foregoing subjects, including but not limited to all communications with any of the members identified in the Orly Settlement Agreement as the "Trump Group."

**DISCUSSION REGARDING REQUEST NO. 9:** To the extent that this request incorporates on its face the previous eight requests, the same concerns raised with regard to those requests apply here. In addition, the request for "all" communications with the "Trump Group" is plainly overbroad and imposes an undue burden on Arie. Moreover, the absence of any time limitation renders this request all the more unduly burdensome.

In short, judgment creditor Sagi Genger seeks documents and testimony from non-party Arie Genger that far exceed the permissible scope of discovery in aid of execution of a judgment. This Court should therefore modify the Subpoena by limiting the scope of this discovery to only matters relating to the assets of judgment debtor Orly Genger—specifically, to property she owns and debts she is owed.

## II.    In the Alternative, a Protective Order Should be Granted Pursuant to Rule 26(c)

As an alternative to relief under Rule 45, Arie seeks the same modifications set forth above pursuant to Rule 26 of the Federal Rules of Civil Procedure.

Under Rule 26(c), "a party or any person from whom discovery is sought may move for a protective order . . . on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c). Here, that court is the United States District Court for the Southern District of Florida. Thereafter, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure

or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). Indeed, in the context of post-judgment execution discovery, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process," and, "as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way." *EM Ltd.*, 695 F.3d at 207 (citing Fed. R. Civ. P. 26(b)(2)).

Given the breadth of both the documents Sagi requests and the subject matter he wants to cover at Arie's deposition, there is certainly "good cause" for this Court to protect non-party Arie by limiting the scope of those discovery requests. Indeed, it would unduly burden Arie to produce documents and testify to matters that do not at all relate to the assets of the judgment debtor, and that thus do not advance the goal of satisfying the Judgment. Quite simply, the Subpoena is not a proper subpoena in aid of execution. Rather, it is a massive document request of the kind normally seen against an adverse party during the course of a run-of-the-mill commercial lawsuit. This Court should curtail the scope of this discovery.

## CONCLUSION

For these reasons, non-party Arie Genger respectfully requests that this Court quash or modify judgment creditor Sagi Genger's Subpoena or, in the alternative, enter a protective order appropriately limiting the scope of discovery in aid of execution of the Judgment.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), on October 11, 2018 and October 17, 2018 undersigned counsel conferred via teleconference with John Dellaportas, counsel for Third-Party Plaintiff Sagi Genger. Despite good faith discussions, counsel was unable to reach an agreement about the legal and procedural issues detailed in this motion, although, as noted above, it is understood that counsel will work to find an appropriate date for any deposition upon resolution of the motion.

Dated: October 17, 2018								Respectfully Submitted,

								*/s/Gerald E. Greenberg*
								GERALD E. GREENBERG
								Florida Bar No. 440094
								ggreenberg@gsgpa.com
								ADAM M. SCHACHTER
								Florida Bar No. 647101
								aschachter@gsgpa.com
								GELBER SCHACHTER & GREENBERG, P.A.
								1221 Brickell Avenue, Suite 2010
								Miami, Florida 33131
								Telephone: (305) 728-0950
								Facsimile: (305) 728-0951
								E-service: efilings@gsgpa.com

								*Counsel for Non-Party Arie Genger*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a true and correct copy of the foregoing is being electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served on this date on all counsel of record on the attached Service List via e-mail and U.S. mail.

## SERVICE LIST

| | |
|---|---|
| John Dellaportas<br>jdellaportas@kelleydrye.com<br>KELLEY DRYE & WARREN LLP<br>101 Park Avenue, 27th Floor<br>New York, NY 10178<br><br>*Counsel for Third-Party Plaintiff* | Michael P. Bowen<br>mbowen@kasowitz.com<br>KASOWITZ, BENSON, TORRES LLP<br>1633 Broadway<br>New York, NY 10019<br><br>*Counsel for Third-Party Defendant* |

                                            */s/Gerald E. Greenberg*
                                            GERALD E. GREENBERG